# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **LINDA P. KIDD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:08CV661 |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Linda P. Kidd seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits. The Commissioner's denial decision became final on August 27, 2008, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on September 4, 1942, and was 52 years of age on her alleged onset date of disability. She completed one year of college. Plaintiff has past relevant work experience as a program technician. Plaintiff alleges disability as of December 26, 2004, due

to asthma, allergies, blackouts, mini strokes, sinus infections, depression and fleeting memory problems.

## The Administrative Proceedings

Plaintiff protectively filed an application for Disability Insurance Benefits on March 24, 2005, alleging disability as of December 26, 2004, due to asthma, allergies, blackouts, mini strokes, sinus infections, depression and fleeting memory problems. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on January 31, 2008, and a decision denying benefits was issued on February 29, 2008. Plaintiff filed a request for review, and on August 27, 2008, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff meets the disability insured status requirements of the Social Security Act and is insured for benefits through June 30, 2008.

2. Plaintiff has not engaged in substantial gainful activity since December 26, 2004, her alleged onset date of disability.

3-4. Plaintiff's sinus infections, asthma, small vessel disease (mini strokes) and depression are medically determinable impairments, but do not alone or in combination significantly limit (or expect to significantly limit) Plaintiff's ability to perform basic work-related activities for twelve consecutive months.

Therefore, Plaintiff does not have a severe impairment or combination of impairments.

5. Plaintiff has not been under a disability as defined by the Social Security Act from December 26, 2004 through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 404.1520 (2009). Under the regulations, the

ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on December 26, 2004, her alleged onset date of disability, and continued to meet them through June 30, 2008. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. The ALJ concluded his analysis at step two, finding that Plaintiff does not have a severe impairment or combination of impairments. Therefore, the ALJ concluded that Plaintiff is not under a disability as defined by the Social Security Act.

In this action for judicial review, Plaintiff's sole argument is that the ALJ erroneously failed to find that Plaintiff's asthma is a severe impairment. (Docket No. 8, Pl.'s Br. Supp. Mot. for Summ. J., at 4-5.) An impairment is "severe" if it significantly limits Plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1521(a). The Fourth Circuit has held that in order to find an impairment non-severe, the impairment must be "a *slight abnormality* which has such a *minimal effect* on the individual that it would not

-4-

be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984)(emphasis in original)(quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The Court is mindful that the threshold for an impairment to be considered "severe" at step two of the sequential evaluation is low. Nevertheless, there is substantial evidence supporting the ALJ's finding.

The ALJ considered Plaintiff's medical records, including treatment records from her treating physician, Dr. Eric Jon Kozlow. (*See* Tr. at 20-22.) Plaintiff first saw Dr. Kozlow in August 2003 complaining of shortness of breath and a "little bit of dyspnea"[1] upon exertion. (*Id.* at 142.) Plaintiff denied any wheezing and Dr. Kozlow reported that her lungs were clear to auscultation. (*Id.*) The following month Dr. Kozlow again reported that Plaintiff's lungs were clear and noted that Plaintiff was improved with medical therapy. (*Id.* at 141.) In December 2003, Plaintiff reported that she could walk for approximately one mile without too much trouble. (*Id.* at 140.) Plaintiff thereafter continued to report that she had only intermittent or occasional respiratory symptoms (*see id.* at 133, 135, 137) and Dr. Kozlow continued to note that Plaintiff's lungs were clear. (*Id.* at 131, 133-35, 137, 139-40.) Dr. Kozlow also repeatedly noted that Plaintiff was doing well or that her symptoms were well-controlled. (*Id.* at 131, 133, 137, 139-40.) In March 2005, Dr. Kozlow noted that

---

[1] Dyspnea is defined as difficult or labored breathing. *Dorland's Illustrated Medical Dictionary* (27th ed. 1988).

Plaintiff's asthma has not been "a particularly big issue" as long as she remained on her medication. (*Id.* at 225.) On June 16, 2005, Plaintiff reported extreme dyspnea on exertion; however, Dr. Kozlow considered her complaints to be "way out of proportion to the extent of her asthma" and referred Plaintiff to Dr. Tanvir A. Chodri at the Randolph Pulmonary and Sleep Clinic. (*See id.* at 224.)

Plaintiff was first examined by Dr. Chodri on June 27, 2005. Plaintiff described her dyspnea as intermittent and only mild to moderate. (*Id.* at 185.) Dr. Chodri reported that Plaintiff's chest and lung exam was entirely normal, and her pulse oxygen level, spirometry and pulmonary function test were all routine. (*Id.* at 187-88.) Plaintiff returned to Dr. Chodri in July 2005, and although Plaintiff complained of nighttime wheezing, Dr. Chodri again reported that Plaintiff's lung exam was normal and pulse oxygen level was routine. (*Id.* at 181, 183.) The following month, Plaintiff's pulse oxygen rate, spirometry, ACE level, ESR (erythrocyte sedimentation rate) and heart echocardiogram were all routine and her lung exam was again normal. (*Id.* at 179-80.) In October 2005, a pulmonary function test showed mild obstruction but Plaintiff's lung exam was again normal. (*Id.* at 175-76.)

On November 9, 2005, Dr. Kozlow stated that Plaintiff "remains with very significant dyspenea (sic) on exertion and is limited in her ability to perform most exercise. Her activity level is sedentary at this point." (*Id.* at 132.) This statement, however, is inconsistent with his own treatment notes as well as those of Dr. Chodri. Moreover, it is inconsistent with Plaintiff's own statements concerning her abilities. In July 2005, she reported that on a

-6-

Case 1:08-cv-00661-JAB-PTS   Document 11   Filed 02/12/10   Page 6 of 7

typical day she walked about a mile and a half in forty five minutes to an hour. (*Id.* at 156.) Additionally, she reported to Dr. Kozlow on January 11, 2007, that she was able to walk for one hour without any problem. (*Id.* at 221.)

Plaintiff bears the burden of proving the severity of her impairments. *See* 20 C.F.R. § 404.1512(a); *Hunter*, 993 F.2d at 35. Plaintiff must provide medical evidence establishing the existence and severity of her claimed impairments, as well as evidence establishing how these impairments affect her functioning. *Id*. Based on the record evidence, the Court finds that there is substantial evidence supporting the ALJ's finding that Plaintiff's asthma does not significantly limit Plaintiff's ability to perform basic work activities for twelve consecutive months, and thus is not a severe impairment.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 7) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 9) be granted, and that judgment be entered in favor of the Commissioner.

                                                    /s/ P. Trevor Sharp
                                              United States Magistrate Judge

Date: February 12, 2010